UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILARIO FELIPE GONZALES,
        Petitioner,

                                        Civil Case No. 8:25-cv-1781-KKM-SPF

v.

                                        Crim. Case No. 8:24-cr-67-KKM-SPF

UNITED STATES OF AMERICA,
        Respondent.
_____

## ORDER

Gonzales moves under 28 U.S.C. § 2255 to vacate his conviction and sentence of 63 months in prison followed by 2 years of supervised release for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Civ. Doc. 1.)[1]

Gonzales presents three grounds for relief. In Ground One, he claims that counsel rendered ineffective assistance by failing to appeal when requested to do so. (*Id.*, p. 4.) Gonzales alleges that he asked counsel to appeal

---

[1] Gonzales was originally sentenced to 72 months in prison followed by 2 years of supervised release. (Crim. Doc. 115.) The Government later moved to reduce his sentence under Federal Rule of Criminal Procedure 35(b). (Crim. Doc. 174.) The Court granted the motion and entered an amended judgment reducing the term of Gonzales's imprisonment to 63 months. (Crim. Doc. 186.) "[A] Rule 35(b) reduction of a sentence does not affect the finality of a judgment of conviction, and . . . does not constitute a resentencing where an old sentence is invalidated and replaced with a new one." *Murphy v. United States*, 634 F.3d 1303, 1314 (11th Cir. 2011).

1

immediately after sentencing. (Civ. Doc. 5, p. 2.) He alleges that he made this request of counsel in person, "in the Court holding/counsel visitation area." (*Id*.) Gonzales alleges that counsel refused and told him that he could not appeal. (*Id*.)

Gonzales alleges that, upon his return to detention after the sentencing hearing, he wrote counsel a letter requesting that an appeal be filed. (*Id*.) He alleges that he gave it to prison officials for mailing the next day. (*Id*.) When he received no response to the letter, Gonzales alleges, he tried to call counsel, "but his calls were not accepted." (*Id*.) In a sworn statement, counsel states that he left the courthouse immediately after the sentencing hearing, never went to a "holding/visitation area" after the sentencing, and "never spoke to [Gonzales] again." Counsel also denies ever receiving any written correspondence from Gonzales. (Civ. Doc. 7-1.)

" '[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit, regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 586 U.S. 232, 243-44 (2019) (reaffirming and quoting *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).

The United States "concedes that an evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Gonzales either expressly directed his counsel to appeal, or reasonably demonstrated an interest in appealing such that he would have appealed given adequate consultation." (Civ. Doc. 7, p. 4.) Therefore, the United States "submits that the interests of judicial economy would be best served by this Court granting the motion to vacate, but only to the extent that Gonzales would be afforded an out-of-time appeal pursued by appointed counsel." (*Id.*, p. 6.)

The inconsistency between Gonzales's claims that he asked counsel to appeal and contacted counsel after sentencing and counsel's sworn statement refuting the claims creates a factual dispute that necessitates an evidentiary hearing. *See Hurtado v. United States*, 808 F. App'x 798, 803 (11th Cir. 2020) (remanding for an evidentiary hearing when "[petitioner's] allegations conflict with the statements contained in the lawyer's affidavit") (citing *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979)). "Affidavits alone . . . cannot resolve contested fact issues in § 2255 cases." *Hurtado*, 808 F. App'x at 801.

To conduct an evidentiary hearing, an incarcerated petitioner must be brought before the Court at considerable expense to the United States Marshal, to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, to former defense counsel, and to the judiciary. Therefore, the interest of judicial economy is best

3

served by granting the § 2255 motion but only to the extent that Gonzales will be afforded an out-of-time appeal with the assistance of appointed counsel:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

"A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the *Phillips* procedure." *United States v. Robinson*, 648 F. App'x 823, 824 (11th Cir. 2016). "Allowing a belated appeal yields to the need for judicial economy . . . and neither includes nor suggests a determination that trial counsel was ineffective." *United States v. Bankston*, No. 8:18-cv-483-T-23CPT, 2018 WL 5279134, at \*2 (M.D. Fla. Oct. 24, 2018).

Accordingly, the Court **ORDERS:**

1. Gonzales's § 2255 motion (Civ. Doc. 1) to vacate, set aside, or correct his sentence is **GRANTED-IN-PART** as to the claim in Ground One that counsel failed to appeal. Gonzales's remaining claims are **DISMISSED without prejudice**. *See McIver v. United States*, 307 F.3d 1327, 1331

4

n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

2. The **CLERK** is directed to:

   a. Enter a judgment in this civil case for Gonzales and **CLOSE** the civil case.

   b. Enter a copy of this order in the criminal case and **GRANT** the motion to vacate (Crim. Doc. 208) pending in the criminal case.

3. This matter is referred to United States Magistrate Judge Sean P. Flynn to appoint counsel in the criminal action for purposes of appeal.

4. After counsel files an appearance in the criminal action, the Court will enter an order in the criminal action vacating the amended judgment (Crim. Doc. 186) and will enter a new judgment with a sentence that is identical to the sentence imposed in the amended judgment. Appointed counsel must timely appeal the new judgment.

5. All further proceedings will occur in the criminal action.

   **ORDERED** in Tampa, Florida, on May 15, 2026.

Kathryn Kimball Mizelle
United States District Judge

5